UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

ELAINE TORRES,

                               Plaintiff,

      -against-

CITY OF NEW YORK, KRISTIN FLANAGAN, Individually,
WILFREDO RAMOS, Individually, ALAN BUNGAY,
Individually, RENETTE PIERRE-ANTOINE, Individually,
ROBERT CHIUSANO, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                               Defendants.
------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

20 CV 4007 (BMC)

<u>Jury Trial Demanded</u>

Plaintiff ELAINE TORRES, by her attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

**JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6. Plaintiff ELAINE TORRES is a thirty-five-year-old female resident of the State of New York, Richmond County.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, KRISTIN FLANAGAN, WILFREDO RAMOS, ALAN BUNGAY, RENETTE PIERRE-ANTOINE, ROBERT CHIUSANO, and JOHN and/or JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On May 29, 2019, at approximately 6:00 p.m., plaintiff ELAINE TORRES was falsely accused of assaulting her son, B.C., and was consequently wrongfully arrested and prosecuted by NYPD officers, including, without limitation, defendants KRISTIN FLANAGAN, WILFREDO RAMOS, ALAN BUNGAY, RENETTE PIERRE-ANTOINE, and Sergeant ROBERT CHIUSANO

13. Days prior to plaintiff's arrest, plaintiff received a call from B.C.'s school that he had been beaten up by another student the day before and that he had sustained multiple bruises.

14. Upon receiving the call, plaintiff went to B.C.'s school to have a meeting with the assistant principal about the incident, during which she gave the school permission to take pictures of B.C.'s bruises.

15. On May 29, 2019, at approximately 2:15 p.m., plaintiff drove to Hylan Boulevard and Walter Avenue to pick up B.C. from the school bus, however, B.C. never arrived at the bus stop.

16. Plaintiff called B.C.'s school to find out if he was there, and was told he was not.

17. Plaintiff then went to a Wendy's on Hylan Boulevard, where, upon information and belief, officers including defendant ALAN BUNGAY and RENETTE PIERRE-ANTOINE were usually posted in a police van.

18. Plaintiff asked the officers, including defendants BUNGAY and PIERRE-ANTOINE, if they had seen B.C., to which they responded that they saw him but did not know where he was, and advised her to call back B.C.'s school to get more information from them.

19. Plaintiff thereafter searched for B.C. by car for approximately three hours but was

unable to locate him.

20. During this time, some of the staff from B.C.'s school, including the principal and school security officers, also assisted in searching for B.C.

21. At approximately 5:30 p.m., plaintiff called the 122nd Precinct to report that she could not find B.C.

22. At approximately 6:00 p.m., plaintiff received a call from the NYPD notifying her that B.C. had been found and informing plaintiff that she should go to the 122nd Precinct.

23. Plaintiff immediately went to the precinct.

24. Plaintiff was told to sit and wait.

25. Plaintiff was not provided any information about her son or why she had been called to the precinct, and was extremely distressed and concerned that something terrible had happened to him.

26. After approximately half an hour, plaintiff was approached by defendants BUNGAY and PIERRE-ANTOINE, who informed plaintiff she was under arrest.

27. Plaintiff, bewildered by their assertion since she had not committed a crime, asked the officers why she was being arrested.

28. The defendant officers then informed plaintiff that B.C. was at the precinct and that he alleged that she had beaten him, and that he had bruises over his body – which were sustained during the prior incident with a student – that he falsely alleged were caused by her.

29. Plaintiff informed the officers that B.C.'s bruises were caused by a student at his school, that if they called the school, school officials would corroborate her story, and that the school had taken photos documenting his injuries from the school fight.

30. Plaintiff pleaded with the officers to call B.C.'s school, and she informed them that

4

some of the school staff were also involved in searching for B.C.

31. In response, the defendant officers told plaintiff, in sum and substance, "tell it to the judge tomorrow" and proceeded with plaintiff's arrest.

32. Plaintiff was handcuffed in an overtight manner and imprisoned.

33. The defendant officers made no effort to investigate the false allegations made against plaintiff despite a duty to do so insofar as the defendants had reason to doubt the veracity of B.C. In particular, defendant PIERRE-ANTOINE conceded to plaintiff that B.C.'s story changed repeatedly and did not make sense. Further, B.C. is a special needs child, and had a history of behavioral issues in school, which escalated after his father died in February 2019. Upon information and belief, defendants BUNGAY and PIERRE-ANTOINE were also aware that B.C. had behavioral issues, yet the defendant officers proceeded to arrest plaintiff despite collectively possessing knowledge of said issues, and that B.C's school possessed readily verifiable information that would validate plaintiff's claim of innocence and that B.C. was an otherwise unreliable informant.

34. Despite knowing there was reason to disbelieve B.C.'s claims and evidence available to corroborate plaintiff's claims, which vitiated any reasonable belief that probable cause existed to arrest plaintiff, defendants KRISTIN FLANAGAN, WILFREDO RAMOS, BUNGAY, PIERRE-ANTOINE, and Sergeant ROBERT CHIUSANO caused plaintiff's continued imprisonment at the 122nd Police Precinct, and then at the 120th Police Precinct, until the morning of May 30, 2019, when plaintiff was arraigned in Richmond County Criminal Court on baseless charges of Endangering the Welfare of a Child, Assault in the Third Degree, and Harassment in the 2nd Degree filed under docket number CR-003313-19RI; said charges having been filed based on the false allegations of defendant officer FLANAGAN.

35. The defendant officers initiated said prosecution with malice, and otherwise caused the prosecution to be commenced against plaintiff without probable cause.

36. Defendants created and manufactured false evidence which was conveyed to the Richmond County District Attorney's office by FLANAGAN and used against plaintiff in the aforementioned legal proceeding. Specifically, defendant FLANAGAN swore to the false claim that plaintiff had assaulted her son and withheld exculpatory information known to defendants, including that B.C. had changed his story, that his story didn't make sense, and that plaintiff had claimed B.C.'s school had information and photos confirming that B.C.'s bruises were from a school related incident with a student.

37. As a result of FLANAGAN'S actions, plaintiff was maliciously prosecuted, denied her right to fair trial, and deprived of her liberty.

38. At plaintiff's arraignment, plaintiff was ordered to return to court on July 17, 2019, however, upon information and belief, after plaintiff's attorney provided information to the Richmond County District Attorney's Office confirming plaintiff's innocence, plaintiff's case was advanced and, on June 17, 2019, dismissed and sealed on the prosecutor's motion.

39. Defendants FLANAGAN, RAMOS, BUNGAY, PIERRE-ANTOINE, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts or failed to intervene in them despite a meaningful opportunity to do so, and otherwise participated in the aforementioned misconduct.

40. Defendant CHIUSANO supervised defendants FLANAGAN, RAMOS, BUNGAY, PIERRE-ANTOINE, and JOHN and JANE DOE 1 through 10, and participated in plaintiff's arrest by signing off on it despite knowing probable cause was lacking, and/or failed to intervene in the above described acts of misconduct.

41. All of the aforementioned acts deprived plaintiff ELAINE TORRES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

42. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of failure to train, monitor, or discipline officers with respect to completing thorough investigations before executing an arrest, using unreliable information as basis for an arrest, and swearing to said unreliable information to initiate a prosecution.

43. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding conducting a thorough investigation before initiating an arrest and thus engage in a practice of falsification to justify unlawful arrests.

44. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

45. Defendant CITY OF NEW YORK is further aware that such improper training has

often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

46. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

47. All of the aforementioned acts deprived plaintiff ELAINE TORRES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

49. As a result of the foregoing, plaintiff ELAINE TORRES sustained, *inter alia*, emotional distress and deprivation of his constitutional rights.

## Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendant officers arrested plaintiff ELAINE TORRES without probable cause,

causing her to be detained against her will for an extended period of time and subjected to physical restraints.

52. Defendant officers caused plaintiff ELAINE TORRES to be falsely arrested and unlawfully imprisoned.

53. As a result of the foregoing, plaintiff ELAINE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants initiated, commenced, and continued a malicious prosecution against plaintiff ELAINE TORRES.

56. Defendants caused plaintiff ELAINE TORRES to be prosecuted without any probable cause until the charges were dismissed on or about June 17, 2019.

57. As a result of the foregoing, plaintiff ELAINE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants officers reported false allegations against plaintiff ELAINE TORRES and withheld exculpatory information known to them.

60. Defendants utilized the false allegations against plaintiff ELAINE TORRES in legal proceedings and withheld evidence from said proceeding.

61. As a result of defendants' false allegations which defendants conveyed to the Richmond County District Attorney's Office and as a result of their withholding of exculpatory evidence, plaintiff ELAINE TORRES suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution, and she was deprived of her liberty.

62. As a result of the foregoing, plaintiff ELAINE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. The individually named defendants had an affirmative duty to intervene on behalf of plaintiff ELAINE TORRES, whose constitutional rights were being violated in their presence by other officers.

65. The individually named defendants failed to intervene to prevent the unlawful conduct described herein.

66. As a result of the foregoing, plaintiff ELAINE TORRES was falsely arrested, denied her right to a fair trial, and maliciously prosecuted.

67. As a result of the foregoing, plaintiff ELAINE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

70. As a result of the foregoing, plaintiff ELAINE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

73. The aforementioned customs, policies, usages, practices, procedures and rules of defendant CITY OF NEW YORK via the New York City Police Department included, but were

not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ELAINE TORRES' rights as described herein. As a result of the failure of CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

74. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff ELAINE TORRES.

75. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ELAINE TORRES as alleged herein.

76. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ELAINE TORRES as alleged herein.

77. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ELAINE TORRES was unlawfully arrested, detained, and maliciously prosecuted.

78. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ELAINE TORRES' constitutional rights.

79. All of the foregoing acts by defendants deprived plaintiff ELAINE TORRES of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

      B.      To be free from malicious prosecution;

      C.      To be free from the violation of the right to fair trial; and

      D.      To be free from failure to intervene.

80.     As a result of the foregoing, plaintiff ELAINE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

83.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

84.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

85.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

86.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

13

## AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants arrested plaintiff ELAINE TORRES without probable cause.

89. Plaintiff was detained against her will for an extended period of time and subjected to physical restraints.

90. As a result of the aforementioned conduct, plaintiff ELAINE TORRES was unlawfully imprisoned in violation of the laws of the State of New York.

91. As a result of the aforementioned conduct, plaintiff ELAINE TORRES suffered emotional injury and loss of freedom.

92. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

93. As a result of the foregoing, plaintiff ELAINE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees.

## AS AND FOR AN EIGTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

94. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. The defendant officers initiated, commenced, and continued a malicious prosecution against plaintiff ELAINE TORRES.

96. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

97. Defendants caused plaintiff ELAINE TORRES to be prosecuted on false charges until the charges were dismissed on or about June 17, 2019.

98. As a result of the foregoing, plaintiff ELAINE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

99. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. As a result of the foregoing, plaintiff ELAINE TORRES was placed in apprehension of imminent harmful and offensive bodily contact.

101. As a result of defendant's conduct, plaintiff ELAINE TORRES has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

102. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

103. As a result of the foregoing, plaintiff ELAINE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

104. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

15

paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105. Defendants made offensive contact with plaintiff ELAINE TORRES without privilege or consent.

106. As a result of defendants' conduct, plaintiff ELAINE TORRES has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

107. The individually named defendants battered plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

108. As a result of the foregoing, plaintiff ELAINE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

109. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "108" with the same force and effect as if fully set forth herein.

110. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who falsely arrested plaintiff ELAINE TORRES.

111. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

112. As a result of the foregoing, plaintiff ELAINE TORRES is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELVETH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

113. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who falsely arrested, maliciously issued criminal process to plaintiff, and who deprived plaintiff of her right to a fair trial.

115. As a result of the foregoing, plaintiff ELAINE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ELAINE TORRES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: New York, New York
November 27, 2020

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff ELAINE TORRES
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By:  *Brett Klein*
>       BRETT H. KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ELAINE TORRES,

                                 Plaintiff,

     -against-                                                                20 CV 4007 (BMC)

CITY OF NEW YORK, KRISTIN FLANAGAN, Individually,
WILFREDO RAMOS, Individually, ALAN BUNGAY,
Individually, RENETTE PIERRE-ANTOINE, Individually,
ROBERT CHIUSANO, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                 Defendants.
--------------------------------------------------------------------------------X

## AMENDED COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132